UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| ARNOLD ANDERSON, | Case No. 2:17-cv-00808-APG-GWF |
| Plaintiff, | |
| v. | **ORDER** |
| C. PASTUNA, *et al.*, | Application to Proceed *in Forma Pauperis* (ECF No. 1) and Screening of Complaint (ECF No. 1-1) |
| Defendants. | |

This matter comes before the Court on Plaintiff's Application to Proceed *in Forma Pauperis* (ECF No. 1), filed on March 17, 2017.

## BACKGROUND

Plaintiff alleges that four police officers violated his Fourth, Fifth, Sixth, Twelfth, and Fourteenth Amendment rights through illegal seizure and unlawful arrest. He alleges that the officers falsified documents, conducted an illegal identification line up, and violated his due process and equal protection rights. He further alleges that he was arrested without a warrant and was falsely prosecuted by Defendant Palal, a district attorney.

## DISCUSSION

### I. Application to Proceed *In Forma Pauperis*

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the full filing fee. As a result, Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

### II. Screening the Complaint

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See*

28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2).

In addition to the screening requirements under § 1915A, pursuant to the PLRA, a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-1965 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., See Papasan v. Allain,* 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based

on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### III. Instant Complaint

Plaintiff's complaint seeks relief for what appears to be alleged violations of his Fourth, Fifth, Sixth, Twelfth, and Fourteenth Amendment rights. Plaintiff seeks compensatory damages and damages for pain and suffering. He alleges that four police officers in their individual and official capacities lied and falsified documents to unlawfully arrest him for what appears to be charges of murder and/or battery with a weapon. He alleges that another suspect pled guilty to this charge. Plaintiff further alleges that Defendant Palal unlawfully prosecuted him.

#### 1. Prosecutorial Immunity

State prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 342-43 (2009); *Kalina v. Fletcher*, 522 U.S. 118, 123-25 (1997). "[T]he functional nature of the activities being performed, not the status of the person performing them, is the key to whether absolute immunity attaches." *Stapley v. Pestalozzi,* 733 F.3d 804, 810 (9th Cir. 2013). As such, prosecutorial immunity does not extend to those actions of a prosecutor which are "administrative" or "investigative" in nature. *See Van de Kamp*, 555 U.S. at 342-43 (explaining that prosecutorial immunity does not apply, for example, when prosecutor gives advice to police during a criminal investigation, makes statements to the press, or acts as a complaining witness in support of a warrant application).

A prosecutor is entitled to absolute immunity from a civil rights action for damages when he or she performs a function that is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Genzler v. Longanbach*, 410 F.3d 630, 636 (9th Cir.) (prosecutor protected by absolute immunity from liability for damages under federal civil rights law when performing traditional functions of an advocate) (quoting *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997)), cert. denied, 546 U.S. 1031-32 (2005). A prosecutor is entitled to absolute immunity for his or her acts in evaluating evidence assembled by investigators or police and appropriate preparation for its presentation before a grand jury after a

3

decision to seek an indictment has been made. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). A prosecutor, however, is not entitled to absolute immunity for the fabrication of evidence to establish probable cause and to obtain an indictment. *Id*. at 275.

Plaintiff brings suit against District Attorney Binu Palal based on allegations that he unlawfully prosecuted Plaintiff by filing charges against him. Plaintiff's allegations against Defendant Palal relate to functions intimately associated with the judicial phase of the criminal process. Therefore, Plaintiff's claim against District Attorney Binu Palal must be dismissed on the grounds of prosecutorial immunity and the Court will recommend as such.

### 2. **Unlawful Arrest**

Plaintiff alleges that on September 5, 2016, four police officers acted together to falsify information in order to have him arrested and charged with battery with a weapon for shooting an individual named Norman Moody. He further states that on September 22, 2016, the case was dismissed. *Plaintiff's Complaint* (ECF No. 1-1), 4, 6. He alleges that his Fourth, Fifth, Sixth, Twelfth, and Fourteenth Amendment rights were violated based on his illegal arrest.

A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment. *Dubner v. City and County of San Francisco,* 266 F.3d 959, 964 (9th Cir.2001). To proceed on that basis, the plaintiff must demonstrate that there was no probable cause or other justification to arrest him. *Id.* Probable cause exists when the "facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Michigan v. DeFillippo*, 443 U.S. 31, 37.

The plaintiff bears the burden of proving the absence of probable cause. *Perez-Morciglio v. Las Vegas Metro. Police Dep't*, 820 F. Supp. 2d 1111, 1121 (D. Nev. 2011) (citing *Beck v. City of Upland,* 527 F.3d 853, 864 (9th Cir.2008)). The plaintiff can make a prima facie case simply by showing that the arrest was conducted without a valid warrant. *Dubner*, 266 F.3d at 965. If the arrest was warrantless, the burden then shifts to the defendant to provide some evidence that the arresting officers had probable cause for a warrantless arrest. *Id.* The plaintiff still bears the ultimate burden of proof, but the burden of production falls on the defendant. *Id.*

Plaintiff alleges that the officers lied, falsified documents, and conducted an illegal identification line up. He further alleges that he was arrested without a warrant. Therefore, accepting Plaintiff's allegations as true, he has stated a claim for violation of his Fourth Amendment rights based on a warrantless arrest issued without probable cause.

### 3. Municipal Employee Liability Under § 1983 – *Monell* Claim

To succeed on a *Monell* official-capacity action against a municipality's employee (*e.g.*, a police officer), a plaintiff must demonstrate that a policy or custom of an entity contributed to the violation of federal law. *Kentucky v. Graham,* 473 U.S. 159, 166 (1985). In order for a plaintiff to establish personal liability in a 1983 action, it is enough to show that the municipal employee, acting under color of state law, caused the constitutional violation. *Id.*; *see, e.g., Monroe v. Pape,* 365 U.S. 167 (1961). Here, Plaintiff alleges that he is suing the four police officer Defendants in their individual and official capacities. Plaintiff, however, has not demonstrated that any constitutional violations occurred as a result of an official policy of custom. *Monell v. Dept. of Soc. Serv. Of City of N.Y.,* 436 U.S. 658, 690 (1978). Therefore, the Court will dismiss the § 1983 claim against Defendants Pastuna, Auschwitz, Bryant, and Valenzuela, in their official capacity, without prejudice. The Court will allow Plaintiff leave to amend his complaint to states sufficient facts to state a claim, if he is able to do so.

If Plaintiff elects to proceed to amend his claim for violation of his Fourth Amendment rights based on a warrantless arrest issued without probable cause against Defendants Pastuna, Auschwitz, Bryant, and Valenzuela in their official capacity by filing an amended complaint, he is informed that the Court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* is **granted**. Plaintiff shall not be required to pay an initial partial filing fee. However, even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that the movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account (inmate #1202768), in the months that the account exceeds $10.00, until the full $350.00 filing fee has been paid for this action. The Clerk of the Court shall send a copy of this Order to the Finance Division of the Clerk's Office. The Clerk shall also send a copy of this Order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that Plaintiff's claim against Defendants Pastuna, Auschwitz, Bryant, and Valenzuela, in their official capacity, is dismissed without prejudice with leave to amend. Plaintiff shall have until **July 23, 2018** to file an amended complaint which corrects the noted deficiencies.

**IT IS FURTHER ORDERED** that Plaintiff's claim for violation of his Fourth Amendment rights based on a warrantless arrest issued without probable cause as to Defendants Pastuna, Auschwitz, Bryant, and Valenzuela, in their individual capacity, may proceed.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file the Complaint (#1-1).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall issue summons to Defendants C. Pastuna, J. Auschwitz, K. Bryant, and G. Valenzuela named in the complaint and deliver the summons to the U.S. Marshal for service. The Clerk of the Court shall send the required USM-285 forms to Plaintiff. Plaintiff shall have twenty (20) days to furnish the required USM-

285 forms to the U.S. Marshal at 333 Las Vegas Blvd. South, Suite 2058, Las Vegas, Nevada 89101. After Plaintiff receives copies of the completed USM-285 forms from the U.S. Marshal, he has twenty (20) days to file a notice with the court identifying if Defendants were served. If Plaintiff wishes to have the U.S. Marshal attempt service again on any unserved defendants, then a motion must be filed with the court identifying the unserved defendant, specifying a more detailed name and address and indicating whether some other manner of service should be used. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within ninety (90) days from the date that the complaint was filed.

**IT IS FURTHER ORDERED** that henceforth, Plaintiff shall serve upon Defendants, or their attorney if they have retained one, a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or their counsel. The Court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's claims against Defendant District Attorney Binu Palal be dismissed with prejudice due to Plaintiff's failure to state a claim for which relief can be granted. As a state prosecutor, Mr. Palal is entitled to absolute prosecutorial immunity for acts taken in his official capacity and any claims against him cannot proceed.

## NOTICE

Under Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. Appeals may been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). Failure to file objections within the specified time or failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or

. . .

. . .

. . .

appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Dated this 22nd day of June, 2018.

GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE