1
2
3
4
5
6

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

7   ARNOLD ANDERSON,                                    Case No. 2:17-cv-00808-APG-GWF
8                                    Plaintiff,
9        v.                                             **REPORT AND RECOMMENDATION**
10  C. PASTUNA, *et al.*,
11                                   Defendants.

12       This matter comes before the Court on the screening of Plaintiff's First Amended

13  Complaint.  Also before the Court is Defendants Officer Jason Auschwitz, Officer Keith Bryant,

14  and Officer Gilberto Valenzuela's Motion to Dismiss Plaintiff's *Monell* Claim (ECF No. 18), filed

15  on February 19, 2019.

16                                    **BACKGROUND**

17       On March 17, 2017, Plaintiff filed an Application for Leave to Proceed *In Forma Pauperis*

18  (ECF No. 1).  On June 25, 2018, the Court granted his Application for Leave to Proceed *In Forma*

19  *Pauperis* and screened his Complaint pursuant to 28 U.S.C. § 1915A(a).  *See* ECF No. 3.  The

20  Court allowed Plaintiff's claim for violation of his Fourth Amendment rights based on a

21  warrantless arrest issued without probable cause to proceed against Defendants Pastuna,

22  Auschwitz, Bryant, and Valenzuela in their individual capacity.  *Id.*  The Court recommended that

23  Plaintiff's claims against Defendant District Attorney Binu Palal be dismissed with prejudice due

24  to Plaintiff's failure to state a claim for which relief can be granted.  On August 3, 2018, the Court

25  accepted the undersigned's recommendation.  *See* ECF No. 9.  Further, the Court dismissed

26  without prejudice Plaintiff's claim against Defendants Pastuna, Auschwitz, Bryant, and

27  Valenzuela, in their official capacity, for failing to demonstrate that any constitutional violations

28  occurred as a result of an official policy or custom, and granted Plaintiff leave to file an amended

complaint correcting noted deficiencies by July 23, 2018.  On February 19, 2019, Defendants filed their motion to dismiss Plaintiff's *Monell* claim.  ECF No. 18.  Defendants argue that Plaintiff failed to support his allegation that Defendants is liable under 28 U.S.C. §1983 because Plaintiff did not show that Defendants promulgated a policy, practice, custom or scheme that was the cause of a violation to Plaintiff's constitutional rights.

### DISCUSSION

Upon granting a request to proceed in forma pauperis and granting leave to amend, a court must additionally screen a complaint pursuant to 28 U.S.C. §1915(e).  Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief."  *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario.  *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).  Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).  In its order and report and recommendation (ECF No. 3), the Court gave Plaintiff leave to amend the noted deficiencies of his complaint and informed Plaintiff that pursuant to Local Rule 15-1, the Court could not refer to a prior pleading in order to make his amended complaint complete.  In its report and recommendation (ECF No. 3), the Court reiterated to Plaintiff that he could not refer to prior pleadings and that Plaintiff must sufficiently allege each claim and the involvement of each defendant.

I.       **Screening the Instant Complaint**

42 U.S.C. § 1983 creates a path for the private enforcement of substantive rights created by the Constitution and Federal Statutes.  *Graham v. Connor,* 490 U.S. 386, 393-94 (1989).  To the extent that Plaintiff is seeking to state a claim under § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of law."  *West v. Atkins*, 487 U.S. 42, 48-49 (1988).  A person acts under "color of law" if he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."  *West*, 487 U.S. at 49.

a.       **Municipal Entity Liability Under § 1983 – *Monell* Claim**

To the extent that Plaintiff intends to set forth civil rights claims under § 1983, he must plead that the defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes."  *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).  Once the plaintiff alleges that his federal rights have been violated, then a plaintiff must show that those rights were violated by a person acting under *color of state law*.  Persons acting under color of state law typically include officials who in some capacity represent either the state, city or county government. *See Monroe v. Pape*, 365 U.S. 167 (1961), *partially overruled on other grounds by Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 663 (1978).

For purposes of bringing a § 1983 claim, under relatively narrow and specific circumstances, a "person" can also include a municipality such as a town, city, or one of its bodies such as the police or fire department.  *Monell*, 436 U.S. at 663.  Further, "[a] suit against a governmental officer in his official capacity is equivalent to a suit against the governmental entity itself."  *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991).  Official-capacity suits are "another way of pleading an action against an entity of which an officer is an agent."  *Monell*, 436 U.S. at 690, fn 55.  A plaintiff can bring a § 1983 action against a local government entity if the plaintiff can show that the entity had an established policy or custom that caused employees

3

1    who implemented the policy or custom to violate the constitutional rights of others. *Monell*, 436

2    U.S. at 690–92; *see also, Van Ort v. Estate of Stanewich*, 92 F. 3d 831 (9th Cir. 1996). However,

3    absent such a policy or custom, a local government entity cannot be held liable solely because one

4    of its employees commits an unlawful wrong against another. *Id.* at 691. In other words, under

5    *Monell*, when a municipal policy of some nature is the "driving force" behind an unconstitutional

6    action taken by municipal employees, the municipality will be liable. *Id.*

7    　　　Plaintiff alleges that Defendants Pastuna, Auschwitz, Bryant, and Valenzuela violated his

8    constitutional rights by failing to conduct a proper investigation regarding a criminal shooting in

9    which Plaintiff was the prime suspect. He alleges that the officers falsified documents, conducted

10   an illegal identification line up, and violated his due process and equal protection rights. Plaintiff,

11   however, fails to allege sufficient facts to support a *Monell* claim against the defendant officers.

12   Although he identifies the constitutional violation or civil right under which he brings his claim,

13   Plaintiff does not demonstrate what policy or custom the municipal entity implemented that was

14   the driving force behind the officers' alleged conduct. A policy "is a course of action consciously

15   chosen from among various alternatives. *Guarino v. Las Vegas Metro. Police Dep't*, 2014 WL

16   12791070, at *3 (D. Nev. July 21, 2014) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808,

17   823 (1985)). For example, policies may take the form of an express policy, an unwritten policy or

18   custom established so that it has the force or law, an act of the municipality's chief policymaker,

19   or a municipality's failure to train its officers. *Guarino*, 2014 WL 12791070, at *3.

20   　　　The Court recommends that Defendants' motion to dismiss be granted and that Plaintiff's

21   amended complaint alleging a *Monell* claim be dismissed without prejudice. The Court further

22   recommends that Plaintiff be permitted another opportunity to amend his complaint to correct the

23   noted deficiencies regarding his *Monell* claim. Failure to do so, however, will result in a

24   recommendation to the District Judge that his claims against Defendants Pastuna, Auschwitz,

25   Bryant, and Valenzuela, in their official capacity, be dismissed with prejudice. Plaintiff is once

26   again advised that his second amended complaint must be complete in and of itself and the Court

27   will not refer to any other pleading. Once Plaintiff files a second amended complaint, the original

28   pleadings no longer serves any function in the case. Plaintiff is further advised that litigation has

not yet and will not commence upon the filing of a second amended complaint. Rather, the Court will need to conduct an additional screening of the amended complaint pursuant to 28 U.S.C. § 1915(e).  Accordingly,

### RECOMMENDATION

IT IS HEREBY RECOMMENDED that Officer Jason Auschwitz, Officer Keith Bryant, and Officer Gilberto Valenzuela's Motion to Dismiss Plaintiff's *Monell* Claim (ECF No. 18) be **granted** and that Plaintiff's amended complaint alleging a *Monell* claim be dismissed, without prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff's amended claim against Defendants Pastuna, Auschwitz, Bryant, and Valenzuela be dismissed with leave to amend and that Plaintiff be permitted to file a second amended complaint correcting the noted deficiencies by a date to be set by the District Judge if the undersigned's report and recommendation is accepted.

Dated this 16th day of April, 2019.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Under Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  Appeals may been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  Failure to file objections within the specified time or failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).