# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ARNOLD ANDERSON,<br><br>    Plaintiff<br><br>v.<br><br>C. PASTUNA, et al.,<br><br>    Defendants | Case No.: 2:17-cv-00808-APG-EJY<br><br>**Order Accepting Report and Recommendation and Granting Motion to Dismiss**<br><br>[ECF Nos. 18, 33] |

Plaintiff Arnold Anderson sued the defendants, who are police officers employed by the Las Vegas Metropolitan Police Department (LVMPD), for a variety of alleged constitutional violations. Arnold sued the officers in their individual and official capacities. ECF No. 1-1 at 2-3. Magistrate Judge Foley (now retired) screened Anderson's original complaint and concluded that he failed to adequately allege official capacity claims because he did not allege that the constitutional violations occurred as a result of an LVMPD policy, custom, or practice as required under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). ECF No. 3 at 5. Judge Foley therefore dismissed the official capacity claims, but granted Anderson leave to amend if he could do so. *Id.*

Anderson filed an amended complaint that again indicated he was suing the officers in their individual and official capacities. ECF No. 7 at 2. The defendants move to dismiss Anderson's claims against them in their official capacities, arguing that Anderson's amended complaint still does not adequately allege a *Monell* claim. ECF No. 18. Anderson responds that he has alleged the defendants violated his constitutional rights and that the court "gave plaintiff permission to proceed." ECF No. 22 at 4. Anderson also filed an unauthorized sur-reply in which he argues that his claims are not barred by the rule in *Heck v. Humphrey*, 512 U.S. 477

(1994). ECF No. 24. In that sur-reply, he also stated that it was his understanding that Judge Foley's order allowed him to sue the defendants in their individual capacities, so *Monell* does "not apply to this case." *Id.* at 2.

Judge Foley subsequently recommended that I grant the defendants' motion and dismiss Anderson's claims against the defendants in their official capacities because Anderson had not adequately alleged a *Monell* claim. ECF No. 33. Anderson filed a response in which he stated that he thought the official capacity issue was resolved and that he could proceed against the defendant officers in their individual capacities. ECF No. 35 at 1.

For Anderson to state a claim against the defendant police officers in their official capacities, he must allege facts plausibly showing that the officers' allegedly unconstitutional acts implemented or executed an LVMPD policy, custom, or practice. *Olivier v. Baca*, 913 F.3d 852, 858 (9th Cir. 2019). He has not done so. I therefore accept Judge Foley's report and recommendation after conducting de novo review and grant the defendants' motion to dismiss the official capacity claims. *See* 28 U.S.C. § 636(b)(1)(B); LR IB 3-2.

Although Anderson filed a response to Judge Foley's report and recommendation, it appears he understands that his official capacity claims have not been plausibly alleged, he disclaims he is asserting a *Monell*-type claim, and he wants to proceed against the defendant officers in their individual capacities only. I thus do not set a deadline for Anderson to file an amended complaint to make another attempt at alleging official capacity claims because Anderson disclaims any further interest in pursuing that type of claim.

IT IS THEREFORE ORDERED Magistrate Judge Foley's report and recommendation **(ECF No. 33) is accepted** and the defendants' motion to dismiss **(ECF No. 18) is GRANTED**. Plaintiff Arnold Anderson's claims against the defendants in their official capacities are

dismissed. Plaintiff Arnold Anderson's claims against the defendants in their individual capacities shall proceed.

DATED this 26th day of September, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE