UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| ARNOLD ANDERSON, | Case No. 2:17-CV-00808-APG-EJY |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| C. PATSUNA; K. BRYANT; J. AUSCHWITZ; C. VALENZUELA, | |
| Defendants. | |

Before the Court is Plaintiff Arnold Anderson's Motions to Appoint Counsel (ECF Nos. 50 and 59). The Court has considered the Motions and the Government's response thereto. The Court also considers that Plaintiff has pending a Motion for Summary Judgment filed on October 8, 2019 (EFC NO. 44), and Defendants have a Motion for Summary Judgment pending before the Court filed on November 1, 2019 (ECF No. 57). Plaintiff has not yet opposed Defendants' Motion for Summary Judgment, but that response is not due until November 15, 2019. Given the status of this case, the Court finds as follows.

As a general proposition, a civil litigant has no right to counsel. *Lassiter v. Department of Social Services of Durham County*, 452 U.S. 18, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir.1981). A court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir.2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128, 125 S.Ct. 2941, 162 L.Ed.2d 867 (2005). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir.1983). Plaintiff's Motion for Summary Judgment, and his exhibits thereto, demonstrate that Plaintiff is capable or articulating his claims in light of the issues presented. Further, a review of Plaintiff's Motion for Summary Judgment and exhibits insupport thereof, as well as Defendants' Motion for Summary Judgment shows that

1

Plaintiff is not likely to succeed on the merits of his claim. As such, exceptional circumstances do not exist justifying the appointment of counsel at this time.

Accordingly,

Plaintiff's Motions for Appointment of Counsel (ECF Nos. 50 and 59) are DENIED without prejudice. Should this matter not be decided on summary judgment, Plaintiff is free to again seek appointment of counsel for purposes of assisting in preparing for a trial on the merits.

DATED: November 13, 2019

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE