# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ARNOLD ANDERSON, | Case No.: 2:17-cv-00808-APG-EJY |
| Plaintiff | **Order on Multiple Motions** |
| v. | [ECF Nos. 43, 44, 51, 57, 73, 74, 79] |
| PASTUNA, et al., | |
| Defendants | |

Pro se plaintiff Arnold Anderson sues four Las Vegas Metropolitan Police Department (Metro) officers involved in his arrest for allegedly shooting an individual named Norman Moody. ECF No. 7.  He contends the officers conspired to falsify evidence to have him charged with the shooting, but that the criminal charges were later dismissed. *Id.*  He thus argues that the defendants unlawfully arrested him in violation of the Fourth Amendment.

I previously denied Anderson's motion for summary judgment, which argued a malicious prosecution claim under 42 U.S.C. § 1983, because Anderson failed to show that the defendants lacked probable cause to initiate the charges, that they acted with malice, that they provided false information, or that they acted with the intent to deprive Anderson of a federally protected right. ECF No. 42.  Anderson again moves for summary judgment, arguing that he was arrested without an arrest warrant or probable cause. ECF No. 44 at 2; *see also* ECF No. 48.  He also moves to schedule a pretrial conference and to enjoin the defendants from using unproven or unsubstantiated witness statements in their arguments. ECF Nos. 43, 51, 73, 74.  The defendants oppose Anderson's motions, move for summary judgment arguing that the officers had probable cause for the arrest, and move to strike Anderson's surreply. ECF Nos. 57, 79.  For the following

reasons, I grant the defendants' motion for summary judgment, deny Anderson's motions for

summary judgment and for a preliminary injunction, and deny all other motions as moot.

**I. BACKGROUND[1]**

On July 27, 2016, Norman Moody was shot in the foot. ECF No. 57-2 at 3-4. Defendant

Metro Detective Keith Bryant interviewed Moody in the hospital. Moody stated that he heard a

commotion in his apartment, so he walked into the living room to see what was going on. *Id.* at

3. An unknown male was arguing with Moody's roommate's girlfriend. *Id.* Moody told the man

to get out of his apartment and the man pulled out a firearm. *Id.* Moody turned to walk away and

was shot in the foot. *Id.* at 3-4. Moody described the man as a Black male, around 5'8" tall and

200 pounds. *Id.* at 5. Moody was unsure whether he would be able to recognize the man if he

saw him again. *Id.* at 8.

The girlfriend, Nakia Shaw, gave a voluntary statement to the police about the incident.

ECF No. 57-3 at 2. She stated that a man named "AJ" and his daughter came to the house and

AJ asked Shaw about money she owed him. *Id.* Shaw told AJ that someone else owed him

money, not her. *Id.* AJ instructed his daughter to hit Shaw. *Id.* According to Shaw, AJ then

pulled out a gun on "Herme" and "cowboy" and Shaw heard a shot. *Id.* The police learned that

cowboy was Norman Moody and Herme was Moody's roommate, Hermenegildo Trujillo. ECF

No. 57-1 at 3-4. According to the arrest report, defendant Metro Detective Christian Pastuna and

non-defendant Detective O'Conner interviewed Shaw about the incident. *Id.* Pastuna also

interviewed Trujillo, who described the events similarly to Shaw's account. *Id.* at 4. He also

---

[1] I deny Anderson's motion for a preliminary injunction to prevent the defendants from
discussing the August 23, 2016 shooting. The evidence gathered from that shooting assisted the
officers in gathering evidence for the Moody shooting and is thus relevant to this case.
Additionally, as described below, Anderson's claim fails on the merits so he cannot satisfy the
preliminary injunction standard. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

stated that after pulling out a gun, AJ pointed the gun at Trujillo's head and asked Trujillo if he wanted to die. *Id.*

About a month later, on August 23, Terry Bolden was shot three times. ECF No. 57-4 at 3. The police spoke with Bolden, his brother Paul, Bolden's girlfriend Rhonda (who witnessed the shooting), and a neighbor who heard shots and saw a black Camaro drive away. *See* ECF Nos. 57-4, 57-5, 57-6, 57-7, 57-8. Defendant Metro Detective Gilberto Valenzuela was assigned the case. ECF No. 57-1 at 4. Based on information gathered from these witnesses, the police visited an apartment complex, found a black Chevy Camaro, and identified Anderson as the owner of the vehicle. ECF No. 57-4 at 5. Because Anderson matched the description of Moody's shooter and went by the nickname "AJ," Pastuna and defendant Metro Detective Jason Auschwitz interviewed Shaw and conducted a photo line-up. ECF No. 57-1 at 5. Shaw identified Anderson as the shooter and stated she knew him. *Id.* They then interviewed Trujillo, who also identified Anderson's photo as the shooter. *Id.*; ECF No. 57-9 at 2.

Anderson was arrested on September 5, 2016, following a traffic stop. ECF No. 57-4 at 6. The charges against him based on his alleged involvement in the July shooting were later dismissed. ECF No. 57-11 at 2.

## II. ANALYSIS

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial.").  I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

The defendants argue that they had probable cause to arrest Anderson for shooting Moody.  Anderson disagrees and argues that there was no probable cause given that the charges were dismissed.  Regardless of whether Anderson's claim is analyzed under the Fourth Amendment or as a malicious prosecution claim, his claim fails because the defendants had probable cause to arrest him.

A warrantless arrest is reasonable under the Fourth Amendment if supported by probable cause. *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004).  To establish malicious prosecution under Nevada law, a plaintiff must show that (1) the defendants lacked probable cause to initiate the prosecution, (2) malice, (3) the prior criminal proceedings were terminated in the plaintiff's favor, and (4) damages. *LaMantia v. Redisi*, 38 P.3d 877, 879 (Nev. 2002).  A malicious prosecution claim under 42 U.S.C. § 1983 requires the plaintiff to establish the state law claim and an additional element that the defendants prosecuted the plaintiff with the intent to deprive him of a constitutional right. *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995).

4

On the defendants' motion, viewing the evidence in the light most favorable to Anderson, no reasonable jury could find that the defendants lacked probable cause to arrest him for his involvement in the July shooting. "Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007).[2] Here, the defendants relied on the following reasonably trustworthy information: (1) Shaw identified the shooter as "AJ"; (2) an investigation into a different shooting led to Anderson being a suspect; (3) Anderson's description and nickname, "AJ," led the officers to conduct a photo line-up with witnesses from Moody's shooting; and (4) Shaw and Trujillo chose Anderson's photo as the shooter and Shaw stated she knew him. Thus, probable cause existed to arrest Anderson. Anderson argues that because the charges against him were dropped, the defendants lacked probable cause. But "the mere fact a prosecution was unsuccessful does not mean it was not supported by probable cause." *Freeman*, 68 F.3d at 1189.

Because the defendants had probable cause to arrest Anderson, I grant the defendants' motion for summary judgment and deny Anderson's motion for summary judgment. I deny as moot Anderson's motions to schedule a pretrial conference and the defendants' motion to strike.

**III.  CONCLUSION**

I THEREOFORE ORDER that the defendants' motion for summary judgment (**ECF No. 57) is GRANTED.**

---

[2] Nevada's probable cause standard mirrors the federal standard. *See State v. McKellips*, 49 P.3d 655, 660 (Nev. 2002).

I FURTHER ORDER that plaintiff Arnold Anderson's motions for summary judgment and for a preliminary injunction **(ECF Nos. 44, 73) are DENIED.**

I FURTHER ORDER that the remaining motions **(ECF Nos. 43, 51, 74, 79) are DENIED as moot**.  The clerk of the court shall enter judgment accordingly and close this case.

DATED this 31st day of August, 2020.

_____

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE